IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| THOMAS BYRD, # S-09454 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| vs. | ) | Case No. 12-cv-832-JPG |
| | ) | |
| WARDEN GAETZ, | ) | |
| OFFICER FAGERLAND, | ) | |
| OFFICER BROWN, and | ) | |
| LIEUTENANT HUBLER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

GILBERT, District Judge:

Plaintiff Thomas Byrd, currently incarcerated at Pinckneyville Correctional Center, in the Southern District of Illinois, is serving a twenty-four year sentence for aggravated kidnapping and home invasion. He has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Gaetz, the Pinckneyville Warden, Defendants Fagerland and Brown, Pinckneyville corrections officers, and Defendant Hubler, a lieutenant at the facility. On June 8, 2012, after transferring cells and asking his cellmate to take the upper bunk, Plaintiff told Defendant Fagerland that he needed to move because his cellmate was threatening him. Defendant Fagerland did not grant Plaintiff's request and Plaintiff took it upon himself to move his property to the facility's day room. Plaintiff states that Defendants Fagerland, Brown and Hubler then cuffed him and placed him in the shower room for three hours, violating his Eighth Amendment protections. On July 18, 2012 he informed Warden Gaetz of the incident. He states he has not exhausted his grievances.

.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.

The Court notes that the Plaintiff has, on the face of his pleadings, made it evident that he has failed to exhaust his grievances in this matter. Plaintiff's complaint concerns incidents occurring on June 8, 2012 and July 18, 2012. Plaintiff claims to have written three grievances, but states he has been prevented from exhausting his grievances. Within five days of his conversation with Defendant Gaetz, the Warden, Plaintiff has filed this federal lawsuit.

Plaintiff may not pursue his § 1983 claims in federal court until after he has exhausted his available remedies. *See* 42 U.S.C. § 1997e(a). Although failure to exhaust administrative remedies is usually an affirmative defense, when, as here, it is clear from the face of the complaint that Plaintiff has not exhausted his available remedies, the complaint fails to state a claim upon which relief may be granted. *Jones v. Bock*, 549 U.S. 199, 214-215 (2007); *see Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) ("the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous"). Plaintiff's claims shall be dismissed without prejudice.

**Pending Motion**

Plaintiff has attempted to add defendants to this complaint. (Doc. 14). The Plaintiff is advised that any proposed amendments or supplements to his complaint must be properly filed pursuant to Federal Rule of Civil Procedure 15(a) or (d). In addition, pursuant to Southern District of Illinois Local Rule 15.1, the proposed amendment to a pleading or amended pleading itself must be submitted at the time the motion to amend is filed. The Court will not accept piecemeal amendments to the original complaint. Plaintiff's motion to amend this complaint shall be denied.

**Disposition**

The entire action and **Defendants GAETZ, FAGERLAND, BROWN and HUBLER will be dismissed without prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**IT IS SO ORDERED.**

DATED:   September 12, 2012

          *s/J. Phil Gilbert*
**United States District Judge**